*All counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, *et al.*, | CASE NO. 1:13-cv-263-DCN |
| Plaintiff, | **STIPULATED ORDER OF PARTIAL DISMISSAL** |
| v. | |
| THE ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

Plaintiffs Northwest Environmental Advocates ("NWEA") and Idaho Conservation League ("ICL") and Defendant the United States Environmental Protection Agency ("EPA") (collectively the "Parties") state as follows:

WHEREAS, NWEA filed the present lawsuit on June 14, 2013, seeking a declaration that the National Marine Fisheries Service and U.S. Fish and Wildlife Service (together "the Services") had failed to timely complete Endangered Species Act ("ESA") section 7 consultations with EPA regarding EPA's actions with respect to Idaho's new or revised aquatic life water quality criteria for toxic pollutants adopted in 1994 and 1997, in violation of the ESA and the Administrative Procedure Act ("APA"), and an order compelling the Services to

complete the consultations, including the issuance of biological opinions, by dates certain and Plaintiffs' attorneys' fees and costs;

WHEREAS, On September 14, 2013, NWEA, along with ICL, filed a First Amended Complaint in this case, adding claims against EPA pursuant to 16 U.S.C. § 1540(g) and a notice of intent to sue letter dated December 28, 2012, alleging that EPA violated its ESA duty to consult with the Services and claims that EPA violated the Clean Water Act ("CWA");

WHEREAS, on April 15, 2015, the Court approved the Parties' Stipulated Order of Dismissal resolving all claims against the Services, including the claims in the First and Second Claims for Relief, leaving EPA as the sole remaining Defendant;

WHEREAS, on February 28, 2019, the Court granted in part and denied in part EPA's Motion for Partial Dismissal as stated therein, dismissing portions of the Third Claim for Relief and all claims raised in the Fourth and Fifth Claims for Relief;

WHEREAS, the remaining claims contained within the Third Claim for Relief in the First Amended Complaint assert that certain EPA decisions, dated May 22, 2008, July 22, 2009, August 18, 2011, and October 27, 2011, approving and making other determinations under CWA Section 303(c), 33 U.S.C. § 1313(c), regarding Idaho's submission of specific changes to its water quality standards, were made without the requisite consultations under section 7 of the ESA;

WHEREAS, the Sixth Claim of the First Amended Complaint alleges that EPA is in violation of CWA Sections 303(c)(3) and (4), 33 U.S.C. § 1313(c)(3) and (4), by failing to adopt aquatic life criterion for mercury in Idaho after Idaho failed to adopt specific changes to that criterion within 90 days of EPA's disapproval;

WHEREAS, the Seventh Claim of the First Amended Complaint alleges that EPA is in violation of CWA Section 303(c)(3), 33 U.S.C. § 1313(c)(3), by failing to take action on Idaho's 2000 and 2002 submissions for "seasonal cold water" temperature standards;

WHEREAS, on June 9, 2020, EPA acted pursuant to its authority under CWA Section 303(c)(3), 33 U.S.C. § 1313(c)(3), to disapprove Idaho's 2000 and 2002 submissions for "seasonal cold water" temperature standards;

WHEREAS, Plaintiffs and EPA, through their authorized representatives and without any admission or final adjudication of any issues of fact or law or waiver of any factual or legal claim or defense with respect to Plaintiffs' complaint have stipulated to terms that they consider to be a fair, adequate, and equitable resolution of Plaintiffs' claims and to be in the public interest;

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Within three years of the Court's entry of this Stipulated Partial Dismissal, EPA will complete an effects determination pursuant to 50 C.F.R. § 402.14(a) for its May 22, 2008 approval of Idaho's revisions to its spawning timing procedure in IDAPA 58.01.02.250.02(f) and, as appropriate, request initiation of any necessary ESA section 7 consultation with the U.S. Fish and Wildlife Service and/or the National Marine Fisheries Service.

2. Upon entry of this Stipulated Partial Dismissal by the Court, all remaining portions of the Third and Seventh Claims in Plaintiffs' First Amended Complaint that were not dismissed pursuant to this Court's Feb. 28, 2019 Order at Docket 56, along with the corresponding requests for relief for such claims, are hereby dismissed with prejudice.

3. *Requests for Modification of Order and Dispute Resolution*—If, due to unforeseen circumstances, including if Idaho revises any of the standards discussed in Paragraph 1 above prior to EPA action on those standards, EPA is unable to meet the deadlines in this

Stipulated Order of Partial Dismissal, EPA reserves the right to seek reasonable modifications of the deadlines.  In such a circumstance, EPA will notify Plaintiffs of the requested modification and the reasons therefor.  This Stipulated Order of Partial Dismissal may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court.  In the event that any Party seeks to modify the terms of this Stipulated Order of Partial Dismissal, or in the event of a dispute arising out of or relating to this Stipulated Order of Partial Dismissal, or in the event that any Party believes that another of the Parties has failed to comply with any term or condition of this Stipulated Order of Partial Dismissal, then the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Parties with notice of the claim.  The Party raising the dispute shall commence an informal dispute resolution period to be no shorter than 30 days or other reasonable time under the circumstances, by giving written notice to the other Parties stating the nature of the matter to be resolved and the position of the Party asserting the controversy.  The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time during the informal dispute resolution period in a good faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves, any Party may seek relief from the Court.

      4.     *Force Majeure*—The possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the deadlines contained in this Stipulated Order of Partial Dismissal.  Such situations include, but are not limited to, sufficient funds not being appropriated as requested, appropriated funds not being available for expenditure, a federal government shutdown, or catastrophic environmental events requiring an immediate and/or time-

consuming response by EPA. Should a delay occur due to such circumstances, any resulting failure to meet the timetables set forth herein shall not constitute a failure to comply with the terms of this Stipulated Order of Partial Dismissal, and any deadlines so affected shall be extended one day for each day of the delay. EPA will provide Plaintiffs and the Court with a detailed explanation for the delay, including an estimate of how long the delay will last, and reasonable notice in the event that EPA invokes the terms of this Paragraph.

5. In the event that EPA fails to meet a deadline and has not sought to modify it pursuant to the procedures set forth in Paragraph 3, Plaintiffs' sole remedy shall be to file a motion to enforce the terms of this Stipulated Order of Partial Dismissal. Plaintiffs shall not challenge the content of EPA's effects determination under Paragraph 1 in a motion to enforce the Stipulated Order of Partial Dismissal. Plaintiffs also hereby forever covenant not to assert against EPA (by way of the commencement of an action, the joinder of EPA in an existing action or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, that Plaintiffs may have had, or may now or hereafter have, against EPA based upon the same transactions or occurrences that are at issue in the Counts of the First Amended Complaint addressed in this Stipulated Partial Dismissal. The Parties agree not to appeal any earlier Order of the District Court in this case.

6. Nothing in this Stipulated Order of Partial Dismissal shall preclude Plaintiffs from challenging, in a separate suit, any future final agency actions taken pursuant to the obligations set forth herein, including bringing claims challenging any final EPA decisions under CWA section 303, or ESA section 7(a)(2). Any challenge to such EPA action shall be brought in a new lawsuit.

7.    EPA shall pay Plaintiffs reasonable attorney fees and costs in the total amount of $37,000.  Plaintiffs shall submit all paperwork necessary for the payment to counsel for EPA within five business days of entry by the Court of this Stipulated Order of Partial Dismissal.  Counsel for EPA agree to utilize their best efforts to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office within one week of receiving such information from Plaintiffs.  Payment required by this paragraph shall be made by electronic funds transfer to the attorney trust account maintained by Earthrise Law Center.

8.    Plaintiffs agree to accept payment of $37,000 in full satisfaction of any and all claims for attorney fees and costs of litigation relating to the claims remaining in Count Three and Count Seven of the First Amended Complaint to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this Stipulated Order of Partial Dismissal.  Plaintiffs agree that receipt of this payment shall operate as a release of Plaintiffs' claims for aforementioned Counts of the Complaint for attorney fees and costs in this matter, through and including the date of this Stipulated Order of Partial Dismissal.

9.    The Parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Stipulated Order of Partial Dismissal arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, and any modifications thereto pursuant to the processes outlined in Paragraphs 2 through 5.

10.   By this Stipulated Order of Partial Dismissal, EPA does not waive any right to contest fees claimed by either Plaintiffs or Plaintiffs' counsel sought under Paragraph 9, or in any other lawsuit.  Further, the Parties agree that this stipulation as to attorney fees and costs has no precedential value and shall not be used as evidence in any other attorney fee litigation.

11. This Court shall retain jurisdiction over this matter for the purpose of adjudicating the remaining Count Six of the First Amended Complaint, and to construe, carry out, enforce compliance, modify, and/or resolve any dispute regarding the terms or conditions of this Stipulated Order of Partial Dismissal. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

12. This Stipulated Order of Partial Dismissal shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Stipulated Order of Partial Dismissal, the obligations set forth in this Stipulated Order of Partial Dismissal are null and void.

13. This Stipulated Order of Partial Dismissal is not to be construed as a concession by any Party as to the validity of any fact or legal position concerning the claims or defenses in this action.

14. Nothing in this Stipulated Order of Partial Dismissal shall be interpreted as, or shall constitute, a commitment or requirement that EPA is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

15. No provision of this Stipulated Order of Partial Dismissal shall be interpreted as or constitute a commitment or requirement that EPA take action in contravention of the CWA, ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Stipulated Order of Partial Dismissal shall be construed to limit or modify the discretion accorded to EPA by law with respect to the procedures to be followed in completing the actions set forth above or the substance of any EPA decision under CWA section 319.

16. Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into and execute the terms and conditions of this Stipulated Order of Partial Dismissal.

IT IS SO STIPULATED. Dated this 19th day of January 2021.

**For the U.S. Environmental Protection Agency:**

*/s/ John H. Martin*
JOHN H. MARTIN
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th St., South Terrace Suite 370
Denver, CO 80202
Tel: 303-844-1383
john.h.martin@usdoj.gov

MICHELE L. WALTER, DC Bar 487329
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
999 18th St., South Terrace Ste. 370
Denver, CO 80202
Tel: 303-844-1345
Michele.walter@usdoj.gov

BART M. DAVIS
United States Attorney
CHRISTINE G. ENGLAND, Cal. Bar No. 261501
Assistant United States Attorney
District of Idaho
800 East Park Blvd., Suite 600
Boise, Idaho 83712
(208) 334-1211 (o)
(208) 334-1414 (f)
Email: Christine.England@usdoj.gov

*Attorneys for Federal Defendants*

**For Plaintiffs Northwest Environmental Advocates and Idaho Conservation League:**

 /s/ Allison LaPlante
KEVIN CASSIDY (pro hac vice) (Oregon Bar No. 025296)
ALLISON LAPLANTE (pro hac vice) (Oregon Bar No. 023614)
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR  97219
T: (781) 659-1696 (Cassidy)
T: (503) 768-6894 (LaPlante)
F: (503) 768-6642
cassidy@lclark.edu
laplante@lclark.edu

LAUREN M. RULE (Idaho Bar No. 6863)
Advocates for the West
P.O. Box 1612
Boise, ID  83701
T: (208) 342-7024
F: (208) 342-8286
lrule@advocateswest.org

*Attorneys for Plaintiffs Northwest Environmental Advocates and Idaho Conservation League*

IT IS SO ORDERED.